UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSANNA GUIDROZ | CIVIL ACTION |
| VERSUS | NO: 19-13905 |
| SULLIVAN'S GROCERY AND FCCI SERVICES, INC. | SECTION: T(3) |

## ORDER

Before the Court is a Motion *In Limine* to Exclude Plaintiff's Expert Report(s) and Testimony filed by Sullivan's Grocery and FCCI Services, Inc. ("Defendants").[1] Rosanna Guidroz ("Plaintiff") filed an opposition,[2] to which Defendants subsequently filed a reply.[3] For the following reasons, the Motion is **GRANTED IN PART.** The Court strikes witnesses Denner, Sapp, and Rice and excludes them from testifying; Dr. Zavatsky and Dr. Mahl's testimony shall be limited to the actual treatment rendered to the Plaintiff and the opinions derived directly therefrom.

## FACTS AND PROCEDURAL HISTORY

This case involves an alleged slip and fall incident at Sullivan's Grocery in Kentwood, Louisiana. Plaintiff originally filed in state court before Defendants timely filed a Notice of Removal in this Court on November 27, 2019.[4]

Defendants contend that Plaintiff did not comply with the requirements of Rule 26 and the Court's Scheduling Order by failing to timely produce expert reports and/or expert disclosures.[5] Specifically, Defendants identify five separate experts that the Court should exclude, three of

---

[1] R. Doc. 27.
[2] R. Doc. 29.
[3] R. Doc. 38.
[4] R. Doc. 1.
[5] R. Doc. 18.

1

whom are non-medical experts that Plaintiff disclosed for the first time on March 30, 2020, more than a month after the disclosure deadline had passed.[6] Those three experts include James Denner, a safety engineer; Lacy Sapp, a life care planner; and Randolph Rice, an economist. Defendants attest that no expert reports or disclosures have been produced by Plaintiff for any of these proposed witnesses, and because Plaintiff's failure to disclose was neither justified nor harmless, the Court should exclude their testimony.

Defendants also move to exclude the testimony of Dr. Joseph Zavatsky and Dr. Brandon Mahl because both are subject to the requirements of Rule 26(a)(2)(B) as retained experts referred by Plaintiff's attorney.[7] Defendants submit alternative arguments for exclusion should the Court disagree on the witnesses' retained expert status.

In opposition, Plaintiff first argues that Drs. Zavatsky and Mahl will testify as treating physicians who are not subject to the written report requirement under Rule 26(a)(2)(B).[8] With regard to the other three witnesses, Plaintiff asserts each witness is qualified to testify as an expert, and the bases of their opinions may be dealt with on cross-examination. Further, Plaintiffs explain expert reports have not been completed because the proposed experts are "named in contemplation of future services out of an abundance of caution."[9] Finally, Plaintiffs suggest that any potential prejudice could be cured by permitting Defendants additional time to conduct discovery.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(a) governs initial disclosures made by parties, including subsection 26(a)(2) which covers expert reports. A party must disclose "all opinions the witness will express and the basis and reasons for them" as well as "the facts and data considered by the

---

[6] R. Doc. 17.
[7] Fed. R. Civ. P. 26(a)(2)(B).
[8] *Id*.
[9] R. Doc. 29 at 5.

witness in forming [their opinions]."[10] Such disclosures must be made "at the times and in the sequence that the court orders."[11] When a party does not comply with the disclosure requirements of Rule 26(a)(2)(B), district courts have broad discretion to exclude expert reports or expert testimony.[12] If a party fails to provide information under Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.[13]

The question before the Court is whether Plaintiff's untimely disclosure of expert witnesses warrants their exclusion. The Court first addresses Defendant's motion regarding Denner, Sapp, and Rice, the three non-medical experts identified in Plaintiff's Witness List.[14] The Eastern District of Louisiana recently held that, consistent with Fifth Circuit precedent, "Failure to comply with the deadline for disclosure requirements results in mandatory and automatic exclusion."[15] On the other hand, the Federal Rules of Civil Procedure provide a discretionary mechanism for excusing failures when substantially justified or harmless.[16] Here, the Court does not find sufficient justification for the untimely disclosure and failure to provide written reports. As Defendant's motion underscores, "Exclusion of expert witnesses 'is particularly appropriate' where the party has 'failed to provide an adequate explanation for their failure to identify their expert within the designated timetable.'"[17] Plaintiff's "contemplation of future services" explanation lacks both legal and practical merit. Rule 26 imposes a duty to timely disclose information relevant to experts and their proposed

---

[10] *Id.*
[11] Fed. R. Civ. P. 26(a)(2)(D).
[12] *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed. Appx. 31 (5th Cir. 2012).
[13] Fed R. Civ. P. 37(c)(1).
[14] R. Doc. 17.
[15] R. Doc. 149-1 at 4 (citing *Edwards v. Deutsche Lufthansa Aktiengesellschaft*, No. 18-13755, 2020 WL 2085537, at *2 (E.D. La., Apr. 30, 2020)).
[16] Fed R. Civ. P. 37(c)(1).
[17] *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (*citing 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991)).

testimony. In doing so, the rules promote efficiency and transparency, affording each side the chance to effectively prepare for cross-examination. Plaintiff may contemplate its expert witness strategy, but it must timely identify and submit expert reports to avoid prejudicing Defendants' own trial preparation. Accordingly, the Court finds that Plaintiffs' failure to disclose and submit written reports lacks justification and unfairly prejudiced Defendants' discovery. The motion is granted with respect to Denner, Sapp, and Rice.

Turning to Dr. Zavatsky and Dr. Mahl, the Court finds that Plaintiff failed to comply with Rule 26(a)(2)(C) and the Court's Scheduling Order.[18] Plaintiff argues extensively that both witnesses are exempt from the written report requirement due to their status as treating physicians, an argument the Court finds convincing. However, Plaintiff does not offer much explanation for its failure to timely disclose Dr. Zavatsky and Dr. Mahl as proposed witnesses. While allowing each to testify as an expert would unfairly prejudice Defendants because of their inability to conduct depositions and prepare a rebuttal expert, the Court finds it unnecessary to bar their testimony in totality based on the factors laid out by the Fifth Circuit when deciding Rule 37(c) exclusions.[19] Consistent with Defendants' *Gray* proposal, the Court will allow testimony from Dr. Zavatsky and Dr. Mahl, but such testimony shall be limited to "the actual treatment they rendered to the Plaintiff and the opinions derived directly therefrom."[20] Defendants offered the limited testimony proposal and have thus not objected on prejudicial grounds, and such testimony is central to Plaintiff's case. Additionally, Defendants' concerns may be explored on cross-examination and through appropriate objections at trial.

---

[18] Fed. R. Civ. P. 26(a)(2)(C); R. Doc. 17
[19] *Barrett v. Atlantic Richfield, Co*., 95 F.3d 375, 380 (5th Cir.1996).
[20] R. Doc. 38 at 2; *See Gray v. Vastar Offshore*, No. CIV.A. 04-1162, 2005 WL 399396, at *1 (E.D. La. Feb. 14, 2005) (allowing treating physicians to testify on a limited basis despite plaintiff failing to timely file expert report and witness list.).

## CONCLUSION

For the foregoing reasons**, IT IS ORDERED** that Defendants' Motion *In Limine* is **GRANTED IN PART.** The Court strikes witnesses Denner, Sapp, and Rice and excludes them from testifying; Dr. Zavatsky and Dr. Mahl's testimony shall be limited to the actual treatment rendered to the Plaintiff and the opinions derived directly therefrom.

**New Orleans, Louisiana**, on this 30th day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE