UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSANNA GUIDROZ     CIVIL ACTION

VERSUS     NO: 19-13905

SULLIVAN'S GROCERY AND FCCI     SECTION: T(3)
SERVICES, INC.

## ORDER

Before the Court is a Motion for Summary Judgment filed by Sullivan's Grocery and FCCI Services, Inc. ("Defendants").[1] Rosanna Guidroz ("Plaintiff") filed a response,[2] to which Defendants subsequently filed a reply.[3] For the following reasons, the Motion is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This case involves an alleged slip and fall incident at Sullivan's Grocery in Kentwood, Louisiana. Plaintiff alleges that she sustained injuries when she slipped on a foreign substance in the freezer aisle. Plaintiff originally filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa on October 17, 2019.[4] Defendants received service of process on October 29, 2019, and timely filed a Notice of Removal in this Court on November 27, 2019.[5]

Defendants contend that no genuine issue of material fact exists as to any element of Plaintiff's burden of proof.[6] Thus, Defendants assert that they are entitled to judgment as a matter of law because Plaintiff cannot prove that: 1) there was a condition that presented an unreasonable risk of harm; 2) Sullivan's Grocery created the condition which allegedly caused her incident; 3) Sullivan's Grocery had actual or constructive notice of the condition; and 4) Sullivan's Grocery

---

[1] R. Doc. 26.
[2] R. Doc 30.
[3] R. Doc. 41.
[4] R. Doc. 1-1.
[5] R. Doc. 1.
[6] Louisiana R.S. 9:2800.6 covers negligence actions involving slip and fall incidents on a merchant's premise due to a condition in or on the premises.

failed to exercise reasonable care. Defendants support their arguments with depositions and the store's security camera footage.

Plaintiff contends that the sole cause of the accident was the negligence of Sullivan's Grocery and its employees. Plaintiff asserts that discovery thus far conducted demonstrates genuine issues of material fact as to each element of the claim. Further, Plaintiff argues that Defendants' motion is premature due to the "overwhelming conflict" in the attached testimony and relatively early stage of discovery.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] When assessing whether a dispute as to any material fact exists, the court considers "all the evidence in the record but refrains from making credibility determinations or weighing the evidence."[8] All reasonable inferences are drawn in the favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[9] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[10] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[11]

Louisiana law provides that "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.

---

[7] Fed. R. Civ. P. 56(a).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[9] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[11] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[12] In a negligence claim brought as a result of injury on a merchant's premises, the claimant shall have the burden of proving, *inter alia*, that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[13]

Reviewing the record, the Court finds that Plaintiff has failed to produce competent summary judgment evidence to satisfy its burden of proof.[14] The claimant must prove that "the merchant either created or had actual or constructive knowledge of the condition that caused the damage."[15] Plaintiff appears to allege only constructive notice.[16] In support, Plaintiff relies on the fact that the accident coincided with "truck day," the day on which the store receives deliveries and restocks, maintaining that this fact "could potentially create an unreasonable risk of harm."[17] This theory alone does not prove the existence of a wet floor caused by one of Sullivan's employees, nor does it prove constructive notice, especially considering the depositions of two employees who testified that no stocking occurred in the area on the date of the accident.[18] The Court also agrees with Defendants' assertion and supporting authorities that the constructive notice element fails because Plaintiff does not submit any evidence to indicate the length of time that the water existed on the floor prior to Plaintiff's incident.[19] In short, while Plaintiff speculates that

---

[12] La. R.S. 9:2800.6(A).
[13] La. R.S. 9:2800.6(B).
[14] La. R.S. 9:2800.6(B)(1) and (B)(2).
[15] *Supra* note 13.
[16] R. Doc. 30 at 8.
[17] *Id*.
[18] R. Doc. 26-4 at 48; R. Doc. 26-5 at 53.
[19] R. Doc. 26 at 5.

restocking *could* have led to a wet spot, Plaintiff fails to allege evidence sufficient to show the condition existed for a period of time for purposes of constructive notice.[20]

Plaintiff's deposition testimony and brief in opposition submit the sort of "ultimate or conclusory facts and conclusions of law" that are insufficient to defeat a motion for summary judgment.[21] Accordingly, due to Plaintiff's failure to present sufficient evidence, there is no genuine dispute as to these material facts and summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons**, IT IS ORDERED** that Defendants' Motion for Summary Judgment[22] is **GRANTED.**

**New Orleans, Louisiana**, on this 31st day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[20] *See, e.g.*, *Luft v. Winn Dixie Montgomery, LLC*, 16-559 (La. App. 5 Cir. 2/8/17), 228 So. 3d 1269, 1274; *see also Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99), 733 So. 2d 1188, 1191.
[21] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[22] R. Doc. 26.